IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
APR 21 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DONIKA ANDERSON WAGNER,

    Plaintiff,

v.

Case No.: 2:14cv164

JAMES D. MILLER, Ph.D.
Individually and as an employee or agent
of the Virginia Beach School Board

-AND-

BERMINA NICKERSON, Ph.D.
Individually and as an employee or agent
of the Virginia Beach School Board

-AND-

ALPANA DAVE, RN
Individually and as an employee or agent
of the Virginia Beach School Board

-AND-

MARY SHAW
Individually and as an employee or agent
of the Virginia Beach School Board

-AND-

JOHN DOE 1 AND JANE DOE 2,
Individually and as an employee or agent
of the Virginia Beach School Board

-AND-

## SCHOOL BOARD OF THE CITY OF VIRGINIA BEACH,

Defendants.

## COMPLAINT

Plaintiff, by counsel, hereby moves the court for judgment and execution against the defendants, jointly and severally, for the following:

## NATURE OF THE ACTION

1. At all relevant times the plaintiff was employed as a teacher by the School Board at Bayside high school.

2. This claim is brought pursuant to 42 USC § 1983 for an involuntary strip search of plaintiff's body by defendants, their employees and/or agents. Plaintiff had a well-established right to privacy in her body, and was searched without any reasonable suspicion or warrant, in violation of her rights under the 4th and 14th amendments to the United States Constitution.

3. The facts of this search support claims under 42 USC § 1983.

4. At all times, all defendants acted pursuant to and under the color of state law and pursuant to the authority as agents or employees of a municipal government and/or School Board. Plaintiff sues all defendants in their individual and official capacities.

5. The allegations and factual contentions are in this complaint are likely to have further evidentiary support after reasonable opportunity for further investigation or discovery.

6. Plaintiff also asserts additional state law claims of assault and battery, and false imprisonment.

## PARTIES

7. At all relevant times, plaintiff Donika Anderson Wagner ("Anderson" or "plaintiff") was a citizen or resident of the Commonwealth of Virginia, and a teacher at Bayside high school.

8. The School Board of The City of Virginia Beach ("School Board") is an elected body, created by, and charged with: "[i]n accordance with the Constitution of Virginia, Article 8, Section 7, the School Board of the City of Virginia Beach, Virginia is responsible for the supervision of all public schools in the city."[1]

9. At all relevant times, James D. Miller ("Miller") was principal of Bayside high school, and responsible for the supervision and training of his subordinates in accordance with policies and directives from the Virginia Beach School Board.

10. At all relevant times, Bermina Nickerson ("Nickerson") was an assistant principal at Bayside High School, and responsible for the supervision and training of

---

[1] http://www.vbschools.com/schoolboard/

her subordinates in accordance with policies and directives from the School Board and her immediate supervisor Miller.

11. At all relevant times, Alpana Nurse Dave ("Nurse Dave") was a Registered Nurse working at Bayside High School, and the employment or agency of Nickerson, Miller, and the School Board.

12. At all relevant times, Mary Shaw was the Chair of the School Health Advisory Board, and Coordinator of Health Services.

13. There may have been other healthcare providers or school employees or administrators, whose names are unknown to the plaintiff at this time due to plaintiff's limited ability to gather information about the inner workings of Bayside High School and the School Board, and who will be referred to as John Doe 1 and Jane Doe 2.

## JURISDICTION AND VENUE

14. Federal question jurisdiction in this Court is appropriate pursuant to 28 U.S.C. § 1343.

15. Supplemental jurisdiction over state law claims is appropriate pursuant to 28 U.S.C § 1367.

16. The actions and omissions giving rise to this cause of action occurred in Virginia Beach, in the Eastern District of Virginia, and venue in the Norfolk division of this Court is appropriate.

## FACTUAL BACKGROUND

17. All previous and subsequent paragraphs are incorporated by reference as if fully restated.

18. The plaintiff was at all relevant times a government employee, and employed as a teacher at Bayside High School.

19. At all relevant times the plaintiff had a reasonable expectation of privacy in her own body under the 4th and 14th amendments to the United States Constitution, which the defendants and their agents and employees were obligated to respect.

20. A parent or guardian of one of plaintiff's students - a minor child who will be referred to in this lawsuit as the "Student"- reported to Bayside High School officials that the Student was suffering from a scabies infestation. Scabies is a skin condition, caused by mites, and most often spread by direct contact.

21. The Student's guardian made this allegation to an employee of Bayside High School, who emailed Nickerson at 12 o'clock on Friday, December 14, 2012.

22. Nickerson telephoned Miller, who told her to call Mary Shaw, the Coordinator of Health Services.

23. Shaw instructed Miller to interrupt Ms. Anderson's class. Miller evidently relayed this information in Nickerson, who did in fact interrupt Ms. Anderson's class.

24. Nickerson escorted Ms. Anderson to the school nurse present that day, Alpanna Dave. While Nickerson waited immediately outside the door, Nurse Dave

conducted a search and visual inspection of plaintiff's body, involving – with Nurse Dave's assistance – the removal of Ms. Anderson's clothes, down to her undergarments.

25. All of these important actions and decisions took place within no more than 45 minutes, according to a note by Nurse Dave, which was handwritten on a printed copy of the email sent at 12:00. See Exhibit 1.

26. The strip search revealed nothing - no indications of scabies or anything else unusual.

27. Ms. Anderson, who was very upset, returned to continue teaching her class.

## COUNT ONE – 42 U.S.C. § 1983 VIOLATION

28. All previous and subsequent paragraphs are incorporated by reference as if fully restated.

29. Ms. Anderson had a 4th and 14th Amendment right under the United States Constitution to bodily privacy that was well-established at the time of the strip search.

30. A search in the context of a governmental employer – employee relationship is judged by standard of reasonableness under the circumstances, and this investigation or search was blatantly unreasonable.

31. Because a parent or guardian of the student made an unsupported allegation, with no rational connection to the plaintiff, the defendants responded with an intrusive search.

32. The search was unjustified at its inception, and the nature of the search as conducted – removing Ms. Anderson's clothes to inspect her body for mites – was not reasonable to the perceived or alleged problem in its scope, and unsupported by any objective facts.

33. Nurse Day is responsible for her actions in directly conducting the search.

34. Nickerson is responsible for her actions by directly conducting the search, in that she removed plaintiff from her class, escorted her to the nurse's office, and waited immediately outside for the results of the search. These actions were intentional, and she is responsible for these acts, as well as the gross negligence in the decision making process that led to this strip search in the first place.

35. Miller is responsible for calling Mary Shaw and relaying the information, as he knew or should have known exactly what would occur when he instructed Nickerson to interrupt the class, the only conceivable purpose of such an action being to (i) ask Ms. Anderson to see a health care provider herself to get a clean bill of health, or (ii), as in fact occurred, conduct a strip search utilizing municipal employees. He did this intentionally, and is responsible for these intentional acts, and for gross negligence in the decisional and supervisory process that led to this strip search.

36. Shaw is responsible for instructing Miller to interrupt the class. That instruction would presumably (although it is impossible for plaintiff to know for certain at this time because this information was not contained in Freedom of Information Act materials) that instruction was followed by further direction on conducting a scabies investigation.

37. The School Board is responsible for (i) the decisions of a policymaker, Mary Shaw, Chair of the School Health Advisory Board and Coordinator Of Health Services and (ii) a failure to create, enforce, train, or otherwise ensure that reasonable policies and procedures were in place so that agents or employees of the school board – ranging from the school nurse to the school principal, as well as administration officials responsible for student health – would avoid an ill-conceived plan to strip search a teacher.

38. Each of the supervisory defendants – Shaw, Miller, and Nickerson - are responsible for failing to create or uphold policies and procedures that would prevent such a strip search, in addition to responsibility for their independent actions and omissions.

39. The aforementioned acts by each of the defendants of negligence, and/or gross negligence, and/or intentional acts, and/or reckless disregard violated Ms. Anderson's right to be secure from unreasonable searches of her own body, and are the direct and proximate cause of damages to the plaintiff.

## COUNT TWO – FALSE IMPRISONMENT

### (Virginia Law – All Defendants)

40. All previous and subsequent paragraphs are incorporated by reference as if fully restated.

41. By removing Ms. Anderson from her class, requiring her to walk to the nurses' office, and forcing her to submit to an involuntary strip search, the defendants intentionally restricted her freedom and personal liberty without any legal right.

42. Ms. Anderson reasonably believed that she must submit to this restriction of her freedom because of the words and actions of the defendants.

43. Each of the individual defendants is vicariously responsible for this act within the scope of employment and in the performance of the service for which they were employed.

44. The School Board is liable for failures of policies, procedures, training as outlined above, and which contributed to this battery.

## COUNT THREE – ASSAULT AND BATTERY

### (Virginia Law – All Defendants)

45. All previous and subsequent paragraphs are incorporated by reference as if fully restated.

46. In touching Ms. Anderson and/or articles of clothing covering her body without consent, Nurse Day committed battery.

47. In the alternative and/or additionally, threatened touching of Ms. Anderson caused shock, mental anguish and injury.

48. Each of the individual defendants is vicariously responsible for this act within the scope of employment and in the performance of the service for which they were employed.

49. The School Board is liable for failures of policies, procedures, training as outlined above, and which contributed to this battery.

## DAMAGES

50. As a direct and proximate result of the defendants' actions and omissions, plaintiff suffered from severe and continuing mental anguish and embarrassment.

WHEREFORE, the plaintiff prays for judgment and execution against the defendants, jointly and severally, in the amount of $622,488.78 in compensatory damages on each appropriate count, pre-and post-judgment interest, reasonable attorney's fees, her costs in this matter and all other relief which the Court deems just and proper.

TRIAL BY JURY IS DEMANDED

Robert J. Haddad, Esquire (VSB#22298)
Edwin S. Booth, Esquire (VSB#67973)
Shuttleworth, Ruloff, Swain, Haddad &

Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23452
(757)671-6000 (telephone)
(757)671-6004 (facsimile)
rhaddad@srgslaw.com
ebooth@srgslaw.com